

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CASE NO. 1:09-CR-170(1) |
| EMRICK CHRISTOPHER KNIGHT | § § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 14, 2010, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Emrick Christopher Knight, on **Count Two** of the charging **Indictment** filed in this cause. Count Two of the Indictment charges that on or about September 17, 2008, in Jefferson County Texas, in the Eastern District of Texas, Emrick

1

Christopher Knight, the defendant, possessed a stolen firearm, that is, one (1) Taurus .38 caliber revolver, model 850, serial number BP25655, which had been shipped and transported in interstate commerce, knowing and having reasonable cause or believe the firearm was stolen, in violation 18 U.S.C. § 922(j). *See Indictment.*

Defendant, Emrick Christopher Knight, entered a plea of guilty to Count Two of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

    d.    That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and

Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 922(j).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Emrick Christopher Knight, is one and the same person charged in the Indictment and that the events described in Count Two of the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. Specifically, the Government would prove the following stipulated facts:

On or about September 14, 2008, Emrick Christopher Knight (Knight), Elio Acevedo (Acevedo), and Ronzell Gonzales (Gonzales) participated in the burglary of the business premises of Michael Smith, namely, Mike Smith Enterprises, which is a pawn shop located 4505 Gulfway Drive in Port Arthur, Texas. Michael Smith, is a person licensed to engage in the business of dealing firearms under Federal Firearms License Number 5-76-245-02-9L-01450.

During the burglary, Knight, Acevedo, and Gonzalez knowingly took firearms from the business inventory of Mike Smith, namely, one (1) Taurus .38 caliber revolver, model 850, serial number BP25655, one (1) Beretta .32 caliber pistol, model number 3032, serial number DAA448938, and one (1) Kel-Tec .32 caliber pistol, model number P32, serial number CL950.

On September 17, 2008, Knight was arrested by the Port Arthur Police Department for

violation of curfew and was found in possession of one (1) Taurus .38 caliber revolver, model 850, serial number BP25655, which was stolen from the business premises of Mike Smith. At the time the firearm was possessed, Knight knew that the firearm was stolen.

ATF Agent Larry Sanders would testify that the Taurus .38 caliber revolver, model 850, serial number BP25655 was examined and it was found to be a functional firearm as defined under 18 U.S.C. § 921(a)(3) and if the firearm were received or possessed in the State of Texas, it would have traveled in and affected interstate commerce.

Defendant, Emrick Christopher Knight, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Two** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Emrick Christopher

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent

Knight, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(j).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3).

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The

---

the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of April, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE